UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM EDWARD BRAMLETT,

    Plaintiff,

v.                                                    Case No. 4:19cv340-MW-HTC

MELINDA MASTERS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's complaint, ECF Doc. 1, and motion to proceed *in forma pauperis*, ECF Doc. 4. On July 26, 2019, the Court ordered Plaintiff to show cause within thirty (30) days why this case should not be transferred to the United States District Court for the Middle District of Florida. ECF Doc. 3. Thirty (30) days have passed and Plaintiff has not responded to the show cause order. Accordingly, for the reasons set forth below, the undersigned recommends that this case be transferred to the Middle District of Florida.

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  Additionally, 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

Plaintiff is currently detained at the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida.  Arcadia is located in DeSoto County, which falls within the territorial jurisdiction of the Middle District of Florida.  The case style on the complaint lists the Defendants as "Ms. Melinda Masters, Asst. Clinical Director"; "Ms. Emily Salerna, Clinical Director"; "Dr. Donald Sawyer, Facility Administrator"; and "Florida Department of Children and Families, Corporate" ("DCF").  ECF Doc. 1 at 1.  The "Defendant(s)" section of the complaint form indicates Masters, Salerna and Sawyer are employees of the FCCC; it does not identify DCF as a Defendant. *Id.* at 2.  Plaintiff's factual allegations concern his

dorm location within the FCCC and Masters, Salerna and Sawyer's response to his complaints about that location.  *Id.* at 5-12.

Thus, the acts forming the basis of Plaintiff's complaint occurred in DeSoto County, which is located within the jurisdiction of the Middle District.  Furthermore, Plaintiff currently resides in the Middle District.  In the July 26 show cause order, the Court advised Plaintiff:

> If DCF is not a Defendant, this case must be transferred to the Middle District of Florida because the events giving rise to Plaintiff's claim occurred in that district and all the individual Defendants are located there.  Additionally, even if DCF is a Defendant, the Court may transfer the case to the Middle District because it is the most convenient forum for the parties.

ECF Doc. 3 at 3.  The Court gave Plaintiff an opportunity to show cause why this case should not be transferred to the Middle District but he has failed to do so.[1]  Therefore, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this case should be transferred to the Middle District of Florida.

---

[1] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) ("Section 1404(a) was drafted in accordance with the doctrine of *forum non conveniens* to permit change of venue between federal courts.  Notably, there is a long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), but only so long as the parties are first given the opportunity to present their views on the issue.  Before transferring *sua sponte* under section 1404(a), the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons.") (citations and quotations omitted).

Case No. 4:19cv340-MW-HTC

Accordingly, it is RECOMMENDED:

1. That the clerk TRANSFER this case to the United States District Court for the Middle District of Florida.

2. That the clerk close the file.

At Pensacola, Florida, this 29th day of August, 2019.

                              */s/ Hope Thai Cannon*
                              **HOPE THAI CANNON**
                              **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv340-MW-HTC